# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Orville Green,**
**Petitioner Below, Petitioner**

**vs) No. 11-1696** (Wayne County 99-C-029)

**David Ballard, Warden, Mount Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Orville Green, by counsel Lori M. Peters, appeals the Circuit Court of Wayne County's "Order Dismissing Post-Conviction Habeas Corpus Petition" entered on November 16, 2011. The State, by counsel Laura Young, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on multiple felonies in March of 1997. On December 9, 1997, petitioner was convicted by jury of three counts of sexual assault in the first degree, two counts of sexual assault in the second degree, five counts of incest, three counts of sexual assault by a custodian, and two counts of sexual assault by a parent. Petitioner filed his first petition for writ of habeas corpus on February 11, 1999, and an omnibus hearing was held on September 26, 2000. On December 8, 2000, the circuit court entered an order denying the petition, and petitioner's appeal to this Court was refused on June 25, 2001. Petitioner then filed a federal habeas petition, which was denied on February 26, 2009, as not all state remedies had been exhausted for each contention. Petitioner then filed the instant action and was appointed counsel on February 18, 2011. The circuit court consolidated this claim with the original habeas petition. On November 16, 2011, the circuit court entered an order dismissing the habeas petition after holding numerous hearings, finding that four of petitioner's grounds have been previously and finally adjudicated or waived, and finding no merit in the other assignments of error.

On appeal, petitioner argues first that his prior habeas counsel and his prior appellate counsel were ineffective and thus he could not knowingly and intelligently waive any issue as his habeas counsel and his habeas appellate counsel did not discuss with him every potential viable ground for relief, resulting in meritorious areas of challenge not being raised. He therefore argues that he should be permitted to relitigate several issues raised in his prior habeas proceedings. In

1

relation to the issues previously litigated, petitioner argues that the indictment against him was based on hearsay, false and misleading evidence, and violated his constitutional rights; that there was prosecutorial misconduct; that the second trial[1] violated the double jeopardy clause; that his appellate counsel was ineffective; that his trial counsel was ineffective; that the evidence at trial could not reasonably support a finding of guilt beyond a reasonable doubt; that his sentence was excessive; that the totality of his violations denied him his fundamental right to a fair trial; and, that one of the jurors seated in his trial was related to a deputy sheriff.

The State argues in favor of the circuit court's order, pointing out that petitioner has claimed that every one of his prior attorneys was ineffective, and that the circuit court has found that none of them were ineffective. Moreover, the State notes that petitioner's assignments of error were previously litigated in the prior habeas and have been previously and finally adjudicated.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).With regard to subsequent petitions for writs of habeas corpus, we have held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Our review of the record reflects no clear error or abuse of discretion by the circuit court, as the circuit court properly found that petitioner's prior counsel was not ineffective. This Court also finds that each assignment of error was addressed, individually or in total. Having reviewed the circuit court's "Order Dismissing Post-Conviction Habeas Corpus Petition" entered on November 16, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

As to petitioner's final assignment of error regarding the jury in the underlying criminal

---

[1] Petitioner's first criminal trial ended in a jury deadlock and a mistrial was declared.

2

trial, this Court has held in Syllabus Point 4 of *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979) that "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Petitioner raises only ordinary trial error in this assignment of error, which is not proper in a second habeas proceeding.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3

# IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

ORVILLE GREEN,

                Petitioner,

v.

HOWARD PAINTER, Warden,
Mount Olive Correctional Complex

                Respondent.

Underlying Indictment: 97-F-007

Civil Action Number: 99-C-029

Judge: Honorable Robert Chaffin

**ENTERED**

**NOV 16 2011**

CIVIL ORDER
BOOK _119_ PAGE _267_

## Order Dismissing Post-Conviction Habeas Corpus Petition

This matter came before the Court on the Petition for post-conviction habeas corpus filed by Petitioner. In accord with the requirements of Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia (R.H.C.), this Court has promptly examined the Petition. The Court also examined the record of a prior habeas corpus proceeding instituted by the Petitioner (also contained in Civil Action No.: 09-C-029) and concluded that four of the Petitioner's contentions have been previously and finally adjudicated or waived. The Court after numerous hearings and reviewing the Petitioner's brief has determined that the final contention is without merit. Accordingly, the Court has concluded the current Petition should be **DENIED** and **DISMISSED**.

### Petitioner's Contentions in the Current Petition

The current petition set forth five grounds for relief. "Issue One" alleges the "Petitioner's due process to Article III, Section 14 and the sixth amendment rights to the United States Constitution were violated by ineffective assistance of counsel, who prevented petitioner from receiving a fair and impartial habeas corpus hearing." (09-C-

1

048, Petition, page 9). "Issue 2" alleges "the indictment was obtained based on hearsay, false, and misleading testimony presented to the grand jury by the West Virginia State Police in violation of the fifth, sixth, eighth, and fourteenth amendments of the United States Constitution." (09-C-048, Petition, page 12). "Issue 3" alleges "repeated instances of prosecutorial misconduct denied the petitioner due process, fair trial, and a reliable sentencing determination in violation of the fifth, sixth, eighth, and fourteenth amendment." (09-C-048, Petition, page 31). "Issue 4" alleges that "petitioner's retrial on the same charges was in violation of the double jeopardy clause of the fifth amendment, and fourteenth amendment right to due process." (09-C-048, Petition, page 52). "Issue 5" alleges that "petitioner was denied his fourteenth amendment right to effective assistance of counsel on appeal." (09-C-048, Petition, page 61).

## Petitioner's Prior Petition

The Petitioner's first petition for habeas corpus relief contained the following seven contentions for relief: ineffective assistance of trial counsel; minimum sentence of 45 years is excessive considering the age of the defendant; evidence was insufficient to support verdict of guilty; indictment was based upon false and misleading testimony; state did not provide timely discovery and withheld exculpatory evidence; juror related to a deputy sheriff was left on the jury; and any other ground under *Losh*. (99-C-029, File #1). The Court after full consideration denied all seven contentions for relief. (99-C-029, File #1).

## Procedural History

In the March 1997 term of the Wayne County, West Virginia Grand Jury the Petitioner was indicted on multiple felonies. (97-F-007). On the 9th day of December

1997, a petit jury convicted the Petitioner of three counts of sexual assault in the first degree, two counts of sexual assault in the second degree, five counts of incest, three counts of sexual assault by a custodian, and two counts of sexual assault by a parent. (97-F-007). Thereafter, the Petitioner appealed the verdict to the Supreme Court of Appeals of West Virginia and the Supreme Court of Appeals refused said appeal. (97-F-007.)

On the 11th day of February, 1999, the Petitioner filed in the Circuit Court of Wayne County, West Virginia, a *Pro Se* petition for post-conviction habeas corpus relief. (99-C-029, file #1). On the 3rd day of August, 1999, an Administrative Order from the Supreme Court of West Virginia was entered assigning the Honorable Michael Thornsbury to preside over Petitioner's case. (99-C-029, file #1). By Order dated the 15th day of October, 1999, Judge Thornsbury appointed Christopher Dean to represent Petitioner. (99-C-029, file #1). On March 21, 2000, an Order was entered allowing Mr. Dean to withdraw as counsel and appointing Ernest Skaggs to represent the Petitioner. (99-C-029, file #1). On the 26th day of September, 2000, the Petitioner was given an omnibus/evidentiary hearing with counsel present. (99-C-029, file #1). Thereafter, on the 8th day of December, 2000, the Court entered an Order denying the Petitioner's Petition. (99-C-029, file #1). The Petitioner then proceeded to appeal this denial to the Supreme Court of Appeals of West Virginia, but said appeal was refused. (99-C-029, file #1). The Petitioner then proceeded to file this matter with the United States District Court for the Southern District of West Virginia, but was denied as not all state remedies had been exhausted for each contention. Therefore, the Petitioner filed the action currently before the Court. Upon filing of the current petition the Court on the 18th day

3

of February, 2011, appointed Gene Gardner, Esq. to represent the Petitioner. Originally this action was filed as 09-C-048, but by Order of the Court has since been consolidated with Petitioner's originally filing of 99-C-029. (09-C-048, Order Consolidating Cases). Upon reviewing the Petitioner's federal filing, the Petitioner and the Respondent have agreed to treat it as an addendum to the current state petition.

## Issue One: Ineffective Assistance of Habeas Corpus Counsel

The Court has concluded that the Petitioner has failed to meet his burden on "Issue One," therefore the Petitioner's prayer for relief as to "Issue One" is **DENIED**. The reasons for this conclusion and the findings of fact and legal authority upon which the conclusion is based are set forth below.

## Findings of Fact as to Issue One

1. On the 11th day of February, 1999, the Petitioner filed his first petition for Writ of Habeas Corpus. (99-C-029, File #1).

2. By Order dated the 21st day of March, 2000, the Circuit Court of Wayne County, West Virginia, appointed Ernest Skaggs, Esq., an attorney at law licensed in West Virginia, as counsel for the Petitioner. (99-C-029, File #1).

3. The Prior Petition and memorandum of law asserted seven different grounds for granting the Petitioner's Writ of Habeas Corpus. (99-C-029, File #1).

4. On 26th day of September, 2000, the Circuit Court of Wayne County, West Virginia held an Evidentiary/Omnibus hearing on the Prior Petition in Civil Action No. 99-C-029. The Petitioner and the Petitioner's counsel were present at the hearing, and Petitioner's counsel presented evidence and argument. (99-C-029, Transcript dated December 12, 2000).

4

5. By Opinion Order entered on the 11th day of December, 2000, the Circuit Court of Wayne County, West Virginia, denied the relief sought by the Petition in Civil Action No. 99-C-029 and dismissed the Petition filed in that action. (99-C-029, Order Denying Writ of Habeas Corpus Petition). That Opinion Order set forth findings of fact and conclusions of law which constitute the Court's ruling on the Petitioner's Petition for Writ of Habeas Corpus. (99-C-029, Order Denying Writ of Habeas Corpus Petition). The Court made the following findings of fact and orders in the Order Denying Writ of Habeas Corpus Petition. First, Petitioner was made aware of the principle of waiver. Second, Petitioner was informed that the decision following the Omnibus hearing is final and that minus a few certain exceptions collateral attacks on the underlying conviction are barred. (99-C-029, Transcript dated December 12, 2000).

6. Petitioner's Current Petition alleges Ineffective Assistance of Habeas Counsel as one of its grounds for relief. Additionally, the Current Petition contains five allegations of ineffective habeas counsel assistance of counsel. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

7. The Petitioner's first allegation of ineffective assistance of habeas counsel is that habeas counsel failed to investigate exculpatory leads. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

8. The second allegation of ineffective assistance of habeas counsel is that original habeas counsel failed to investigate the State's disclosure of discovery material. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

5

9. Third, the Petitioner contends that habeas counsel failed to brief the issue of the State's closing argument. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

10. Fourth, habeas counsel failed to file for an expert witness which would have supported Petitioner's innocence. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

11. Finally, habeas counsel failed to investigate the selection of the petit jury. (09-C-040 contained in 99-C-029, Petition for Writ of Habeas Corpus).

## Legal Authorities as to Issue One

1. "A prior omnibus corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syllabus pt. 4, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

2. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Syllabus pt. 5, *State v. Miller*, 459 S.E.2d 114 (1995).

3. "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." Syllabus pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981).

## Conclusion of Law as to Issue One

1. Although the general rule is that the Petitioner should bring all contentions in one habeas corpus proceeding, the Petitioner's current petition as it relates to "Issue One" is acceptable as it alleges ineffective assistance of habeas counsel.

2. Under the *Strickland* two-prong test quoted above the Petitioner has failed to meet his burden.

3. As to the first allegation the Petitioner simply alleges that habeas counsel failed to investigate exculpatory leads. The Petitioner has failed to show how this would have changed the outcome of the previous habeas corpus proceedings. Furthermore, the Petitioner has failed to even name one possible lead that habeas counsel failed to follow-up on.

4. The petitioner's second allegation of ineffective assistance of habeas counsel is that habeas counsel failed to investigate the state's discovery disclosures. In the present Petition the Petitioner has failed to state which evidence was not turned over to the defense at the time of trial. After consulting the record and the Petitioner's previous Petition the only evidence the Petitioner has asserted the State failed to make available to him was a videotaped interview of one the victims. In denying this contention in the previous petition the Court stated, "[t]he Petitioner has failed to meet his burden to show the videotape ever existed, or that it was in the State's possession." (99-C-029, Order Denying Writ of Habeas Corpus Petition).

7

5. The third allegation of the Petitioner is that habeas counsel did not submit documents regarding the State's improper closing. After consulting the previous Petition this is another matter that was addressed by counsel in the first proceeding. The Court at that time stated that the alleged improper closing did not rise to the level of ineffective assistance of counsel. (99-C-029, Order Denying Writ of Habeas Corpus Petition).

6. The Petitioner's fourth allegation is that habeas counsel failed to file for expert witnesses that would have proven his innocence. Again, the Petitioner simply states that witnesses could be called to exonerate him but fails to state more than these assertions.

7. The Petitioner's fifth contention is that habeas counsel failed to investigate the petit jury. Again, the Petitioner simply makes the assertion without detailing the improprieties of the petit jury. After consulting the previous habeas corpus petition alleged irregularities of the petit jury were argued by habeas counsel and the court found no merit in this argument. (99-C-029, Order Denying Writ of Habeas Corpus Petition).

8. Contentions two, three, and five put forward by the Petitioner at this time was in fact investigated by previous habeas counsel and argued to the previous court. The Court at that time found no merit in those arguments. Therefore, the Petitioner has failed to meet the first prong of the *Strickland* test as counsel did in fact address these matters and the Petitioner is unable to show any deficiency.

9. As to Contentions one and four the Petitioner has simply made assertions without any factual backing. In *Addair*, the Court required that some modicum of factual basis was required. Therefore, the Petitioner has failed to offer any evidence in regard to these contentions and thus failed to meet his burden as to contentions one and four.

8

Therefore, the Petitioner's request for relief is **DENIED** as the Petitioner has failed to show that previous habeas corpus counsel was ineffective.

### Issue Two: Indictment was Obtained Based on Hearsay, False and Misleading Testimony Presented to the Grand Jury Violating his Fifth, Sixth, Eighth, and Fourteenth Amendment Rights

The Court has concluded "Issue Two" as asserted by the Petitioner in the Current Petition has been previously and finally adjudicated after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

### Findings of Fact as to Issue Two

1. Although worded somewhat different the Petitioner asserted this same contention in his first petition for Writ of Habeas Corpus. (99-C-029, Amended Petition for Writ of Habeas Corpus).

2. On 26th day of September, 2000, the Circuit Court of Wayne County, West Virginia held an Evidentiary/Omnibus hearing on the Prior Petition in Civil Action No. 99-C-029. The Petitioner and the Petitioner's counsel were present at the hearing, and Petitioner's counsel presented evidence and argument. (99-C-029, Transcript dated December 12, 2000).

3. By Opinion Order entered on the 11th day of December, 2000, the Circuit Court of Wayne County, West Virginia, denied the relief sought by the Petition in Civil Action No. 99-C-029 and dismissed the Petition filed in that action. (99-C-029, Order Denying Writ of Habeas Corpus Petition). That Opinion Order set forth findings of fact and conclusions of law which constitute the Court's ruling on the Petitioner's Petition for Writ of Habeas Corpus. (99-C-029, Order Denying Writ of Habeas Corpus Petition).

The Court made the following findings of fact and orders in the Order Denying Writ of Habeas Corpus Petition. First, Petitioner was made aware of the principle of waiver. Second, Petitioner was informed that the decision following the Omnibus hearing is final and that minus a few certain exceptions collateral attacks on the underlying conviction are barred. (99-C-029, Transcript dated December 12, 2000).

4. By Order entered on the 11th day of December, 2000, the Court denied the Petitioner relief based upon this contention. (99-C-029, Order Denying Writ of Habeas Corpus Petition, pp. 15-16).

5. The Court incorporates the findings and conclusions made under "Issue One" regarding effective assistance of previous habeas corpus counsel.

### Legal Authorities as to Issue Two

1. "An Omnibus habeas corpus hearing as contemplated in W.Va. Code § 53-4-1 *et seq.* (1967) occurs when: (1) an applicant for habeas corpus is represented by counsel and appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon the advice of counsel unless he knowingly and intelligently waived his right to counsel; (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding." Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

2. Claims raised in a prior habeas corpus proceeding have been previously and finally adjudicated when the prior proceeding entailed "an omnibus habeas corpus

hearing at which the applicant for habeas corpus was represented by counsel [.]"

Syllabus pt. 2, in part, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

## Conclusion of Law as to Issue Two

1. The Court after applying the previously quoted legal authorities to the Findings of Fact as announced in "Issue Two" concluded that "Issue Two" asserted by the Petitioner in the Current Petition has been previously and finally adjudicated after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Therefore, the Petitioner's request for relief is **DENIED** as the contentions contained in "Issue Two" of the Current Petition have been previously and finally adjudicated by the Court.

## Issue Three: Prosecutorial Misconduct Denied Petitioner of Due Process, a Fair Trial, and a Reliable Sentencing Determination.

The Court has concluded "Issue Three" as asserted by the Petitioner in the Current Petition has been previously and finally adjudicated or waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

## Legal Authorities as to Issue Three

1. "An Omnibus habeas corpus hearing as contemplated in W.Va. Code § 53-4-1 *et seq.* (1967) occurs when: (1) an applicant for habeas corpus is represented by counsel and appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon the advice of counsel unless he knowingly and intelligently waived his right to counsel; (4)

11

the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding." Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

2. Claims raised in a prior habeas corpus proceeding have been previously and finally adjudicated when the prior proceeding entailed "an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel[.]" Syllabus pt. 2, in part, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

3. "[A] contention...shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention...in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article... When any...contention...could have been advanced by the petitioner...but...[was] not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds." W.Va. Code § 53-4A-1(c) [1967], in part.

4. "[T]he burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced[.]" Syllabus pt. 2, in part, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972).

### Findings of Fact as to Issue Three

1. The Petitioner bases his contentions regarding prosecutorial misconduct on three matters:  lack of a speedy trial, prosecutor statements made before the grand jury, and pre-indictment delay.  (09-C-048, Petition, page 31).

2. On 26th day of September, 2000, the Circuit Court of Wayne County, West Virginia held an Evidentiary/Omnibus hearing on the Prior Petition in Civil Action No. 99-C-029. The Petitioner and the Petitioner's counsel were present at the hearing, and Petitioner's counsel presented evidence and argument. (99-C-029, Transcript dated December 12, 2000).

3. By Opinion Order entered on the 11th day of December, 2000, the Circuit Court of Wayne County, West Virginia, denied the relief sought by the Petition in Civil Action No. 99-C-029 and dismissed the Petition filed in that action. (99-C-029, Order Denying Writ of Habeas Corpus Petition). That Opinion Order set forth findings of fact and conclusions of law which constitute the Court's ruling on the Petitioner's Petition for Writ of Habeas Corpus. (99-C-029, Order Denying Writ of Habeas Corpus Petition). The Court made the following findings of fact and orders in the Order Denying Writ of Habeas Corpus Petition. First, Petitioner was made aware of the principle of waiver. Second, Petitioner was informed that the decision following the Omnibus hearing is final and that minus a few certain exceptions collateral attacks on the underlying conviction are barred. (99-C-029, Transcript dated December 12, 2000).

4. In regards to the Petitioner's claim of prosecutorial misconduct based upon speedy trial issues the Court previously dealt with this contention in the Petitioner's first Petition of Writ of Habeas Corpus. By Order entered the 11th day of December, 2000, the Court denied this contention as without merit. (99-C-029, Order Denying Writ of Habeas Corpus Petition, pp. 19-20).

5. Although not under the same heading the Petitioner has alleged violations based upon statements made in front of the grand jury in the current petition and his

13

previous petition. The Court has previously denied the Petitioner relief on this issue in both this Order under "Issue Two" and the Order entered the 11th day of December, 2000. (99-C-029, Order Denying Writ of Habeas Corpus Petition, pp. 15-16).

6. The Court after reviewing the Petitioner's previous filings is unable to find a single instance where the Petitioner has alleged prejudice by pre-indictment delay.

7. The Court incorporates the findings and conclusions made under "Issue One" regarding effective assistance of previous habeas corpus counsel.

### Conclusion of Law as to Issue Three

1. The Court after applying the previously quoted legal authorities to the Findings of Fact as announced in "Issue Three" concluded that "Issue Three" asserted by the Petitioner in the Current Petition has been previously and finally adjudicated or waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Therefore, the Petitioner's request for relief is **DENIED** as the contentions contained in "Ground Three" of the Current Petition have been previously and finally adjudicated by the Court or waived by the Petitioner.

### Ground Four: His Retrial Violated the Double Jeopardy Clause of the Fifth Amendment.

The Court has concluded "Issue Four" as asserted by the Petitioner in the Current Petition has been waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

## Legal Authorities as to Ground Four

1. "An Omnibus habeas corpus hearing as contemplated in W.Va. Code § 53-4-1 *et seq.* (1967) occurs when: (1) an applicant for habeas corpus is represented by counsel and appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon the advice of counsel unless he knowingly and intelligently waived his right to counsel; (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding." Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

2. Claims raised in a prior habeas corpus proceeding have been previously and finally adjudicated when the prior proceeding entailed "an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel [.]" Syllabus pt. 2, in part, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981).

## Findings of Fact as to Issue Four

1. The Petitioner's contends his right against double jeopardy was violated when he was retried after the first jury was deadlocked and the Court declared a mistrial. (09-C-048, Petition, page 52-60).

2. On 26th day of September, 2000, the Circuit Court of Wayne County, West Virginia held an Evidentiary/Omnibus hearing on the Prior Petition in Civil Action No. 99-C-029. The Petitioner and the Petitioner's counsel were present at the hearing, and

15

Petitioner's counsel presented evidence and argument. (99-C-029, Transcript dated December 12, 2000).

3. By Opinion Order entered on the 11th day of December, 2000, the Circuit Court of Wayne County, West Virginia, denied the relief sought by the Petition in Civil Action No. 99-C-029 and dismissed the Petition filed in that action. (99-C-029, Order Denying Writ of Habeas Corpus Petition). That Opinion Order set forth findings of fact and conclusions of law which constitute the Court's ruling on the Petitioner's Petition for Writ of Habeas Corpus. (99-C-029, Order Denying Writ of Habeas Corpus Petition). The Court made the following findings of fact and orders in the Order Denying Writ of Habeas Corpus Petition. First, Petitioner was made aware of the principle of waiver. Second, Petitioner was informed that the decision following the Omnibus hearing is final and that minus a few certain exceptions collateral attacks on the underlying conviction are barred. (99-C-029, Transcript dated December 12, 2000).

4. The Court after reviewing the Petitioner's previous petition is unable to find a single instance where the Petitioner has alleged a violation of the double jeopardy clause of the Fifth Amendment.

5. By Order dated the 11th day of December, 2000; the Court stated that, "[a]ll grounds for Habeas relief not specifically asserted are waived." (99-C-029, Order Denying Writ of Habeas Corpus Petition, page 20, ¶ 1).

6. The Court incorporates the findings and conclusions made under "Issue One" regarding effective assistance of previous habeas corpus counsel.

16

## Conclusion of Law as to Issue Four

1. The Court after applying the previously quoted legal authorities to the Findings of Fact as announced in "Issue Four" concluded that "Issue Four" asserted by the Petitioner in the Current Petition has been waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Therefore, the Petitioner's request for relief is **DENIED** as the contentions contained in "Issue Four" of the Current Petition have been previously waived by the Petitioner.

## Issue Five: Ineffective Assistance of Appeal Counsel

The Court has concluded "Issue Five" as asserted by the Petitioner in the Current Petition has been waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

## Legal Authorities as to Issue Five

1. "[A] contention...shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention...in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article... When any...contention...could have been advanced by the petitioner...but...[was] not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds." W.Va. Code § 53-4A-1(c) [1967], in part.

17

2. "[T]he burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced[.]" Syllabus pt. 2, in part, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972).

## Findings of Fact as to Issue Five

1. The Petitioner contends his right to effective representation on appeal was violated. (09-C-048, Petition, page 61-68).

2. The Petitioner's appeal to the Supreme Court of Appeals of West Virginia was denied on the 3rd day of February, 1999. (97-F-007)

3. The Petitioner's first petition for Writ of Habeas Corpus was filed on the 11th day of February, 1999. (99-C-029, File #1).

4. On 26th day of September, 2000, the Circuit Court of Wayne County, West Virginia held an Evidentiary/Omnibus hearing on the Prior Petition in Civil Action No. 99-C-029. The Petitioner and the Petitioner's counsel were present at the hearing, and Petitioner's counsel presented evidence and argument. (99-C-029, Transcript dated December 12, 2000).

5. By Opinion Order entered on the 11th day of December, 2000, the Circuit Court of Wayne County, West Virginia, denied the relief sought by the Petition in Civil Action No. 99-C-029 and dismissed the Petition filed in that action. (99-C-029, Order Denying Writ of Habeas Corpus Petition). That Opinion Order set forth findings of fact and conclusions of law which constitute the Court's ruling on the Petitioner's Petition for Writ of Habeas Corpus. (99-C-029, Order Denying Writ of Habeas Corpus Petition). The Court made the following findings of fact and orders in the Order Denying Writ of

18

Habeas Corpus Petition. First, Petitioner was made aware of the principle of waiver. Second, Petitioner was informed that the decision following the Omnibus hearing is final and that minus a few certain exceptions collateral attacks on the underlying conviction are barred. (99-C-029, Transcript dated December 12, 2000).

6. The Court after reviewing the Petitioner's previous petition is unable to find a single instance where the Petitioner has previously alleged that his appellate counsel was ineffective.

7. By Order dated the 11th day of December, 2000; the Court stated that, "[a]ll grounds for Habeas relief not specifically asserted are waived." (99-C-029, Order Denying Writ of Habeas Corpus Petition, page 20, ¶ 1).

8. The Court incorporates the findings and conclusions made under "Issue One" regarding effective assistance of previous habeas corpus counsel.

## Conclusion of Law as to Ground Five

1. The Court after applying the previously quoted legal authorities to the Findings of Fact as announced in "Issue Five" concluded that "Issue Five" asserted by the Petitioner in the Current Petition has been waived after an omnibus hearing which complies with the requirements of W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Therefore, the Petitioner's request for relief is **DENIED** as the contentions contained in "Issue Five" of the Current Petition have been previously waived by the Petitioner.

## Petitioner's Petition for Habeas Corpus filed in United States District Court

The Court upon the agreement of the parties in this matter accepted the Petitioner's federal petition for habeas corpus relief as an addendum to his current state court petition. Upon review of that filing the Court is of the opinion that claims two, three, four, five, six, nine, and ten were also included in his state court petition and thus have been addressed and denied previously in this Order. The Court denies claims one, seven and eight for the following reasons.

In "Claim One" the Petitioner alleges that "[d]efense counsel was so deficient in the representation of the Petitioner during his pre-trial and sentencing as to deny his right to effective assistance of counsel in violation of the Sixth Amendment." Although ineffective assistance of trial counsel has been addressed by the Court in a previous proceeding these specific grounds of ineffective assistance of counsel have not been previously raised. Since these specific matters have never been before the Court and the Petitioner has received an Evidentiary/Omnibus hearing these matters are deemed waived per W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Therefore, "Claim One" as raised in the Petitioner's federal petition for habeas corpus relief is **DENIED**.

In "Claim Seven" the Petitioner alleges that "[t]he evidence record could not reasonable support a finding of guilt beyond a reasonable doubt, thus violating the Petitioner's Fifth, Sixth, and Fourteenth Amendment right to due process of law." The Court previously denied the Petitioner's prayer for relief on this ground in an Order dated the 11th day of December, 2000. (99-C-029, Order Denying Writ of Habeas Corpus Petition, pp. 13-15). In *Losh*, the Court stated claims raised in a prior habeas corpus

20

proceeding have been previously and finally adjudicated when the prior proceeding entailed "an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel [.]" Syllabus pt. 2, in part, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981). As stated previously, the Petitioner was afforded an Evidentiary/Omnibus Hearing where he was represented by competent counsel. Therefore, these contentions have been previously adjudicated by the Court. In addition any new contentions made under "Claim Seven" in the federal habeas corpus filing not included in the original state petition have been waived per W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Therefore, "Claim Seven" as raised in the Petitioner's federal petition for habeas corpus relief is

**DENIED.**

The Petitioner in "Claim Eight" contents that "[t]he minimum sentence of 45 years is excessive, considering the age of the Defendant. Thereby violating Petitioner's Eighth Amendment rights to a reliable penalty hearing and to be free from cruel and unusual punishment, and Fourteenth Amendment right to due process of law." The Court previously denied the Petitioner's prayer for relief on this ground in an Order dated the 11th day of December, 2000. (99-C-029, Order Denying Writ of Habeas Corpus Petition, pp. 11-13). In *Losh*, the Court stated claims raised in a prior habeas corpus proceeding have been previously and finally adjudicated when the prior proceeding entailed "an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel [.]" Syllabus pt. 2, in part, *Losh v. McKenzie*, 166 W.Va., 277 S.E.2d 606 (1981). As stated previously, the Petitioner was afforded an Evidentiary/Omnibus Hearing where he was represented by competent counsel. Therefore, these contentions

have been previously adjudicated by the Court. In addition any new contentions made under "Claim Eight" in the federal habeas corpus filing not included in the original state petition have been waived per W.Va. Code § 53-4A-1 to 11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Therefore, "Claim Eight" as raised in the Petitioner's federal petition for habeas corpus relief is **DENIED**.

## Conclusion

It is, therefore, **ADJUDGED** and **ORDERED** that the Petitioner's Motion for Writ of Habeas Corpus is **DENIED** and the Petitioner's Motion is **DISMISSED**.

## Orders

1. The Writ of Habeas Corpus sought by the Petitioner is **REFUSED**.

2. The Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** from the docket of this Court.

3. If the Petitioner desires to appeal this dismissal to the Supreme Court of Appeals, the Petitioner shall file the appeal with this Court no later than four (4) months after entry of this Order.

4. This is a Final Order. The Circuit Clerk shall remove this action from the docket and provide attested copies of this Order to the following:

Gene Gardner, Esq.,
Counsel for the Petitioner
P.O. Box 2527
Huntington, WV 25726

Thomas Plymale, Esq.
Counsel for the Respondent
Wayne County Prosecuting Attorney's Office
P.O. Box 758
Wayne, WV 25570

22

Office of the Clerk
The Supreme Court of Appeals of West Virginia
State Capitol
East Wing, Room 317
Charleston, WV 25305

Enter this 15th day of November, 2011.

**ORDER
ENTER:** _Robert F. Chaffin_

HONORABLE ROBERT CHAFFIN



A COPY TESTE
Milton J. Ferguson II Clerk
By_____Dep.